**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000784
08-AUG-2017
08:38 AM**

NO. CAAP-16-0000784

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BRIAN E. BENNETT and DEBRA S. BENNETT,
Plaintiffs/Appellees/Cross-Appellants,
v.
SAMUEL JONG HOON CHUNG and LINDA HYUNKONG CHUNG,
Defendants/Appellants/Cross-Appellees,
and
DOES 1-10 and DOE ENTITIES 1-10,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0882)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, and Fujise and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal filed by Defendants/Appellants/Cross-Appellees Samuel Jong Hoon Chung and Linda Hyunkong Chung (collectively, the Chungs) and the cross-appeal filed by Plaintiffs/Appellees/Cross-Appellants Brian E. Bennett and Debra S. Bennett (collectively, the Bennetts) from the Amended Judgment entered on October 25, 2016, by the Circuit Court of the First Circuit (Circuit Court).[1] We therefore dismiss the Chungs' appeal and the Bennetts' cross-appeal.

---

[1] The Honorable Karen T. Nakasone presided.

I.

This case involves a dispute arising out of the sale of real property, in which the Bennetts filed a complaint against the Chungs. The parties decided to resolve their dispute through arbitration. On December 29, 2014, the arbitrator issued a Partial Final Award of money damages in the net amount of $373,000 in favor of the Bennetts and retained jurisdiction to determine attorney's fees and costs. On February 11, 2015, the arbitrator issued a Final Award, which incorporated the Partial Final Award and awarded attorney's fees of $93,250 and costs of $28,187.67 in favor of the Bennetts.

On February 17, 2015, the Bennetts filed a petition in the Circuit Court to confirm the Final Award of the arbitrator (Motion to Confirm) pursuant to Hawaii Revised Statutes (HRS) § 658A-22. On March 2, 2015, the Chungs filed a memorandum in opposition to the Motion to Confirm, advising the Circuit Court that they planned to file a motion to vacate the Final Award pursuant to HRS § 658A-23(d) and asking the Circuit Court to defer any decision until they filed their motion to vacate. On April 6, 2015, before the Chungs filed their motion to vacate, the Circuit Court issued its Order granting the Bennetts' Motion to Confirm (Order Granting Motion to Confirm). On April 6, 2015, pursuant to its Order Granting Motion to Confirm, the Circuit Court entered Judgment in favor of the Bennetts and against the Chungs in the total amount of $498,437.67. The Chungs did not appeal from the Order Granting Motion to Confirm or the April 6, 2015, Judgment.

On May 13, 2015, the Chungs filed a motion to vacate the Final Award of the arbitrator (Motion to Vacate), pursuant to HRS § 658A-23. On June 12, 2015, the Bennetts filed their opposition to the Motion to Vacate. On July 22, 2015, the Circuit Court issued its Order denying the Motion to Vacate (Order Denying Motion to Vacate).

On August 4, 2015, the Chungs filed a notice of appeal from the April 6, 2015, Judgment and the July 22, 2015, Order

2

Denying Motion to Vacate in Appeal No. CAAP-15-0000560. On October 23, 2015, the Bennetts moved to dismiss the appeal or in the alternative to supplement the record (Motion to Dismiss). On November 2, 2015, the Chungs filed a memorandum in response to the Motion to Dismiss, in which they indicated their belief that the entry of an amended judgment by the Circuit Court to again confirm the Final Award was necessary for this court to review the Order Denying Motion to Vacate. Thereafter, the Chungs took no action after being notified that they were in default for failing to file a statement of jurisdiction and opening brief within the prescribed deadlines. On December 23, 2015, this court dismissed the appeal based on the failure of the Chungs to file a jurisdictional statement and opening brief, and we dismissed the Bennetts' Motion to Dismiss as moot.

After the appeal in CAAP-15-0000560 was dismissed, the Chungs on August 15, 2016, filed a motion in the Circuit Court requesting that the Circuit Court enter an amended judgment in favor of the Bennetts which incorporated the April 6, 2015, Judgment and the Order Denying Motion to Vacate. The Circuit Court granted this motion. On October 25, 2016, the Circuit Court filed an amended order which again denied the Chungs' Motion to Vacate (Amended Order Denying Motion to Vacate). On October 25, 2016, the Circuit Court entered the Amended Judgment, which amended the April 6, 2015, Judgment to incorporate the Amended Order Denying Motion to Vacate.

On November 4, 2016, the Chungs filed a notice of appeal from the Amended Judgment, and on November 18, 2016, the Bennetts filed a notice of cross-appeal from the Amended Judgment.

II.

HRS § 658A-23(b) provides that a motion to vacate an arbitration award

> shall be filed within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, unless the

3

movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion shall be made within ninety days after the ground is known or by the exercise of reasonable care would have been known by the movant.

HRS § 658A-23(b) provides a maximum ninety-day period for a party to file a motion to vacate an arbitration award; it does not mean that in every case a party has up to ninety days to file a motion to vacate the award. See Hamm v. Millennium Income Fund, L.L.C., 178 SW.3d 256, 264-68 (Tex. Ct. App. 2005) (construing similar statutory scheme). When the Bennetts filed their Motion to Confirm within a week of the arbitrator's issuance of the Final Award, it was incumbent on the Chungs to oppose the Motion to Confirm and/or to file their Motion to Vacate. The Chungs were not entitled to assume that they had the full ninety day period to file their Motion to Vacate.

The Circuit Court's April 6, 2015, Order Granting Motion to Confirm, and its April 6, 2016, Judgment were both appealable final decisions pursuant to HRS § 658A-28. The Chungs could have appealed from the Order Granting Motion to Confirm and the April 6, 2016, Judgment, and argued, for instance, that the Circuit Court erred in failing to give the Chungs a fair opportunity to challenge the Motion to Confirm. However, the Chungs did not appeal.

By the time the Chungs filed their Motion to Vacate on May 13, 2015, the time to appeal the April 6, 2016, Judgment had expired. Thus, it was already too late for the Chungs to move to vacate the Final Award. Even if we construe the Chung's Motion to Vacate as a post-judgment motion pursuant to Hawai'i Rules of Civil Procedure Rule 60(b), the Chungs defaulted on their appeal from the Order Denying Motion to Vacate, which this court dismissed based on the Chungs' failure to file a jurisdictional statement and an opening brief.

Under these circumstances, the Chungs were not entitled to the entry of the Amended Judgment, which did not change the substance of the Circuit Court's April 6, 2016, Judgment or its

Order Denying Motion to Vacate, but was entered for the sole purpose of giving the Chungs another chance to appeal the Circuit Court's prior decisions. The Hawaiʻi Supreme Court has held that a trial court cannot remedy a party's failure to timely pursue appellate review of an appealable judgment or order by filing an amended judgment for the purpose of restarting the time period for appeal. Wong v. Wong, 79 Hawaiʻi 26, 29-31, 897 P.2d 953, 956-58 (1994). The supreme court has also recognized that an amended judgment that does not amend a prior judgment in a material and substantial respect does not trigger a new time period for appeal. See Korsak v. Hawaii Permanente Medical Group, 94 Hawaiʻi 297, 304, 12 P.3d 1238, 1245 (2000).

Here, the Amended Judgment did not restart the time period for appeal from the April 6, 2016, Judgment or from the Order Denying Motion to Vacate, assuming this Order was an appealable post-judgment order. Thus, the Chungs' notice of appeal and the Bennetts' notice of cross-appeal were untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b).

III.

Accordingly, IT IS HEREBY ORDERED that the appeal and cross-appeal in CAAP-16-0000784 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, August 8, 2017.

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

5